THE STATE, GEORGE BUESS, PROSECUTOR, v. THE TOWN OF WEST HOBOKEN.

1. An assessment upon lands of the cost and expense of opening a street in West Hoboken, must show that it was made in proportion to and not in excess of the benefits specially conferred thereon by such improvement.

2. It appeared that in estimating benefits specially conferred on certain lands by opening a street, commissioners took into consideration the fact that their owners had donated or dedicated land within the street, and reduced the assessment thereon in consequence of the benefit supposed to have accrued therefrom. *Held,* that if the land was only donated in the course of proceedings to condemn it to public use as a highway, no special benefit was thereby conferred on lands of the donor which could be considered in determining the amount to be assessed. *Held, further,* that if the land had been previously dedicated to public use as a highway, and adjoining lands of the dedicators had thereby received a benefit, so that upon a subsequent proceeding to condemn other lands to public use in extension of the highway, such adjoining lands could only be assessed in proportion to the additional benefits conferred by such condemnation ; yet if other lands of other owners also acquired a like benefit from such dedication, such lands could be assessed only in proportion to such additional benefits as were conferred on them by such condemnation, and it was erroneous to impose on the former an assessment only in proportion to such additional benefits, and on the latter an assessment in proportion to all the benefits conferred both by the dedication and the condemnation.

On *certiorari.*

Argued at November Term, 1888, before Justices DEPUE, DIXON and MAGIE.

For the prosecutor, *Edward Russ.*

For the defendant, *A. K. Rich.*

The opinion of the court was delivered by

MAGIE, J.   The writ in this case required the town council of West Hoboken to certify to this court "an assessment for the opening of Union place, from the westerly side of West street to the easterly side of St. Paul's avenue," made upon the property of the prosecutor, together with the "petition for said improvement and all the proofs, proceedings, resolutions, orders and ordinances touching and concerning said assessment."

The town council has returned, among other things, a report of commissioners, with an accompanying map, which show a determination of the value of lands taken for said street and an award of such value, and of damages done by such taking, and also an assessment of the amounts so awarded, with the expenses of the proceeding upon lands adjoining or near to the improvement and found to be specially benefited thereby.

One of the reasons filed by prosecutor relates to the award to him for his lands taken for the street, which is claimed to be inadequate and not based on a fair valuation.   This objection cannot avail prosecutor, because the writ does not bring before us for review the award to him, but only the assessment imposed on him, and because, if the award could be reviewed, there is nothing before us to show that the commissioners erred in the valuation.

The other reasons relate to the assessment against prosecutor. That assessment is, in my judgment, erroneous, and must be set aside upon either of the following grounds.   The assessment is made under the authority of an act entitled "Supplement to an act entitled 'An act to re-organize the local government of the township of West Hoboken,'" passed March 27th, 1874, which supplement was approved April 9th, 1875, the fourth section of which requires such assessments to be made on real estate specially benefited in proportion to the benefits received, and provides that no land shall be assessed for more than the benefits specially received.

Excess of cost over special benefit is to be borne by the township.

The commissioners' report shows that all the cost and expense of the improvement in question were imposed on lands deemed to be specially benefited, but does not show that the assessments thereon were imposed in proportion to the benefits received, nor that they were limited to such benefits. This is a fatal defect. *Passaic* v. *Delaware, Lackawanna and Western R. R. Co.*, 8 *Vroom* 538; *Bogart* v. *Passaic*, 9 *Id.* 57; *Kohler* v. *Guttenberg, Id.* 419.

In the next place, it has been made to appear that the assessment on prosecutor's lands is excessive and unjust.

Since all the cost and expense of opening the street were imposed on lands said to be benefited, it is obvious that any adjudication, whereby the benefits received by any of the lands were reduced below the actual benefits, will produce injury to others assessed, because it will throw on their lands a greater proportion of the cost and expense.

In this case, the street opened was seven hundred and ninety-three and eighty hundredths feet long on one side, and seven hundred and seventy-three and eighty hundredths feet long on the other side. Upon prosecutor's lands, fronting thereon for five hundred and eight and fifty hundredths feet and extending one hundred feet in depth, was imposed $2,351. Upon adjoining lands fronting thereon for two hundred and eighty-five and thirty hundredths feet and extending from ninety-three to one hundred and forty-four feet in depth, was imposed only $60. Upon lands fronting on the whole of the other side of the street, viz., seven hundred and seventy-three and eighty hundredths feet and extending one hundred feet in depth, was imposed only $231.

Since the report contains no averment that the assessments were made in proportion to benefits, this gross discrepancy in the amounts imposed might perhaps warrant an inference that due consideration was not given to the respective benefits received.

But the case does not leave us to inference. The com-

missioners, by their affidavits, admit that the discrepancy arose from their having considered, in making up their determination of benefits, an alleged dedication of parts of the street. They assert that they were informed that Derling, who at one time owned the tract of two hundred and eighty-five and thirty hundredths feet front, which was assessed at $60, had dedicated thirty-five feet in width in front thereof, and that St. Michael's Monastery, which owned the opposite tract of seven hundred and seventy-three and eighty hundredths feet front, assessed at $231, had also dedicated thirty-five feet in width in front thereof. Upon that information they adjudged that the assessment upon the adjoining lands of such dedicating owners was to be limited to such benefits as had accrued thereto by the opening of the street to its full width of seventy feet, and the condemnation of land comprised therein not previously dedicated.

In what manner the parties in question subjected their respective lands within the street to public use does not appear. The indications, however, are that no dedication was intended. The return includes a communication addressed to the town, some years before this proceeding commenced, from persons apparently representing the owners of the monastery lands, and offering, on condition that the town should not extend certain avenues across those lands, to give such land as they owned within certain proposed streets (of which the street in question is one) around said lands, free of charge, whenever such streets were required to be opened. It does not appear that the proposition was authorized or has been accepted by the town. Whether the town would be bound by such an acceptance may be doubted. The return further shows that while the ordinance to open this street was pending in council, Derling addressed them a letter, offering to give the land above mentioned, provided the ordinance was passed at once.

From these circumstances it may be inferred, I think, that neither of these persons intended to subject his lands to public use as a highway unless the public, represented by the town authorities, required it. If the ordinance had not passed,

their lands would have been entirely unaffected by any right of the public to use them. In that case, the benefit conferred on the adjoining lands is to be referred, not to the donation, but to the act of the public in opening the street. It was therefore erroneous to diminish the assessment thereon, upon the ground that a special benefit was conferred by such donation.

If, however, the land above referred to had actually been dedicated to public use, the determination of the commissioners was also erroneous. The lands of prosecutor on which this assessment has been imposed adjoined the land supposed to be thus dedicated. Prosecutor thereby acquired a right to go to and from his lands, using the dedicated land as a public highway. His lands, therefore, obtained a benefit from the dedication of the same kind and degree as that obtained by the adjoining and opposite lands. But the commissioners have ignored this fact. They have imposed on lands of Derling and the monastery an assessment proportionate only to the additional benefit received from the condemnation and opening of the street for its full width. But they have imposed on prosecutor's lands an assessment proportionate to all the benefits received, both from the dedication and from the condemnation. By so doing the assessment on prosecutor's lands is disproportionate and excessive.

Nothing in this conclusion conflicts with *Moran* v. *Hudson City,* 5 *Vroom* 25, relied on by defendant. In that case an owner had actually opened and dedicated a street wholly over his own property. The public afterward proceeded to lay out a street which included the dedicated land and extended beyond it in both directions. It was held that while the owner was entitled to such benefit as accrued from his dedication, he was also liable to assessment with respect to any additional benefit accruing from the extension of the street as a continuous highway. If in the case before us no dedication to public use had been made, this doctrine is not applicable. If such dedication had been made, the doctrine will doubtless apply to any assessment made on lands of the dedicating

owners. It will not, however, justify or permit the commissioners to ignore benefits accruing to other lands from the same dedication, and thereby to impose on them a disproportionate and excessive assessment.

The assessment upon the lands of prosecutor must, for these reasons, be vacated and set aside.